IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| MARCUS ROBBINS<br><br>Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC AND JOHN DOE<br><br>Defendants | Civil Action No. 3:15-cv-43-TCB<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Marcus Robbins ("Plaintiff"), through his undersigned counsel, and files this lawsuit against Dolgencorp, LLC, ("Dollar General"), and John Doe (collectively "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendant Dollar General's failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

1

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Newnan Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant Dollar General is a corporation conducting business throughout the State of Georgia, including the Newnan Division.

6.

Defendant Dollar General may be served with process by delivering a copy of the summons and Complaint to its registered agent Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

7.

Defendant Dollar General is governed by and subject to 29 U.S.C § 206 and § 207.

8.

At all relevant times, Defendant Dollar General engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

9.

At all relevant times, Defendant Dollar General was an "employer" as that term is defined by 29 U.S.C. § 203(d).

10.

At all relevant times, Defendant Dollar General acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

11.

At all relevant times, Plaintiff was an "employee" of Defendant Dollar General as that term is defined by 29 U.S.C. § 203(e).

12.

Defendant John Doe (whose first name is Marlowe and whose last name is unknown) replaced Plaintiff as the Store Manager in or about August 2014. Defendant John Doe is a resident of the State of Georgia.

## STATEMENT OF FACTS

13.

Plaintiff worked for Defendant Dollar General as a "Store Manager" from on or about May 7, 2012 to on or about August 15, 2014.

14.

Defendant Dollar General misclassified Plaintiff as exempt from the overtime pay requirements of the FLSA.

15.

Despite Plaintiff's "Store Manager" job title, Plaintiff spent eighty (80) to ninety (90) percent of his time performing non-managerial duties. Plaintiff worked the register; stocked and restocked shelves; faced the merchandise on the shelves; unloaded inventory from the delivery trucks; swept, mopped and cleaned the store, bathrooms and parking lot; and put up advertisements and signs. The remaining ten (10) to twenty (20) percent of Plaintiff's time was spent performing so-called "managerial" duties, most of which were also performed by non-exempt employees, including the Assistant Store Managers, Key Holders, and Shift Leaders.

16.

Plaintiff was paid on a salary basis.

17.

Plaintiff consistently worked more than forty (40) hours per week, but was not paid time and one-half his regular hourly rate of pay for any and all hours worked over forty (40) in a week.

18.

Defendant Dollar General knew or had reason to know that Plaintiff was misclassified as exempt from the FLSA's overtime pay requirements.

19.

Plaintiff was required to perform a large amount of manual labor on a daily basis, and was micromanaged to the point of being told when and where to put up window signs and when to take them down.

20.

In order to maintain the payroll budget, which was determined by upper management and closely monitored by the District Manager, Plaintiff frequently received instructions from the District Manager to cut work hours, which necessarily increased the amount of manual labor that Plaintiff performed.

21.

On or about August 15, 2014, Plaintiff was terminated for allegedly "not meeting performance standards."

22.

Shortly thereafter, Defendant Dollar General hired Defendant John Doe as the new Store Manager. During a staff meeting, Defendant John Doe announced to several employees that Plaintiff had been terminated for stealing. Moreover, when a customer approached Defendant John Doe during store hours and inquired after Plaintiff's whereabouts, Defendant John Doe told the customer that Defendant fired Plaintiff because he was caught on camera stealing produce out the back door whenever he closed the store.

23.

Defendant John Doe's statements about Plaintiff are completely false and malicious.

## COUNT ONE
### Fair Labor Standards Act
**(Failure to Pay Overtime Compensation)**
**(As to Defendant Dollar General)**

24.

Plaintiff reasserts and incorporates by reference paragraphs 13 through 20 of this Complaint as if fully set forth herein.

25.

At all relevant times, Defendant Dollar General violated the FLSA by failing to pay Plaintiff time and one-half his regular hourly rate of pay for all hours worked over forty (40) in a week.

26.

At all relevant times, Defendant Dollar General purposefully misclassified Plaintiff as exempt in order to avoid paying Plaintiff overtime.

27.

At all relevant times, Defendant Dollar General required, suffered and/or permitted Plaintiff to work more than forty (40) hours per week without paying Plaintiff overtime.

28.

Plaintiff's primary duty was not "management."

29.

At all relevant times, Plaintiff spent the overwhelming majority of his time performing manual labor. Moreover, Plaintiff's so-called "managerial duties" were more clerical than managerial in nature, and were also performed by his purported subordinates, all of whom were not exempt from the FLSA's overtime pay requirements.

30.

Defendant Dollar General acted in willful disregarded of its obligations under the FLSA. Defendant Dollar General knew or had reason to believe that Plaintiff's "primary duty" was not management, and that Plaintiff was entitled to be paid overtime.

31.

Defendant Dollar General failed to maintain accurate records of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

## COUNT TWO
## Slander Per Se
## (As to Defendants)

32.

Plaintiff reasserts and incorporates by reference paragraphs 21 through 23 of this Complaint as if fully set forth herein.

33.

On August 15, 2014, Plaintiff was terminated for allegedly "not meeting performance standards."

34.

Shortly thereafter, Defendant Dollar General hired Defendant John Doe as the new Store Manager. During a staff meeting, Defendant John Doe announced to several employees that Plaintiff had been terminated for stealing.

35.

Moreover, when a customer approached Defendant John Doe during store hours and inquired after Plaintiff's whereabouts, Defendant John Doe told the customer that Plaintiff had been fired because he was caught on camera stealing produce out the back door whenever he closed the store.

36.

Defendant John Doe's statements about Plaintiff, which were made during the course of employment and in furtherance of the employer's business interests, are completely false and malicious, and violate the laws of the State of Georgia, specifically O.C.G.A. §51-5-4(a)(1).

37.

Pursuant to O.C.G.A. § 51-5-4(b), special damages are presumed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA;

D. For a monetary award, as determined by the enlightened conscience of a jury, designed to make Plaintiff whole for Defendants' unlawful acts in violation of Georgia law as set forth herein; and

E. For such other and further relief as this Court deems proper and just.

Date: March 5, 2015

                                             Respectfully submitted,

                                             SMITH LAW, LLC

                              By:   /s/ Louise N. Smith
                                        Louise N. Smith
                                        Georgia Bar No. 131876
                                        William J. Smith
                                        Georgia Bar No. 710280
                                        *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Atlanta, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

                              By:    /s/ Louise N. Smith
                                          Louise N. Smith
                                          Georgia Bar No. 131876
                                          William J. Smith
                                          Georgia Bar No. 710280
                                          *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 5th day of March, 2015.

                                              Respectfully submitted,

                                              SMITH LAW, LLC

                              By:   /s/ Louise N. Smith
                                              Louise N. Smith
                                              Georgia Bar No. 131876
                                              William J. Smith
                                              Georgia Bar No. 710280
                                              *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action with the foregoing **COMPLAINT** by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This 5th day of March, 2015.

                                                Respectfully submitted,
By:  /s/ Louise N. Smith
        Louise N. Smith
        Georgia Bar No. 131876
        William J. Smith
        Georgia Bar No. 710280
        *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com